UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDRA DAWSON,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN D. K. JOHNSON,<br><br>        Respondent. | Case No. 1:13-cv-01709-SKO-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>**FILING DEADLINE:**   **THIRTY (30) DAYS** |

    Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on October 24, 2013.

    I.  Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The

1

1  Court must summarily dismiss a petition "[i]f it plainly appears
2  from the petition and any attached exhibits that the petitioner is
3  not entitled to relief in the district court...." Habeas Rule 4;
4  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
5  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
6  2(c) requires that a petition 1) specify all grounds of relief
7  available to the Petitioner; 2) state the facts supporting each
8  ground; and 3) state the relief requested.  Notice pleading is not
9  sufficient; the petition must state facts that point to a real
10 possibility of constitutional error.  Rule 4, Advisory Committee
11 Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting
12 Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in
13 a petition that are vague, conclusory, or palpably incredible are
14 subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at
15 491.
16     The Court may dismiss a petition for writ of habeas corpus
17 either on its own motion under Habeas Rule 4, pursuant to the
18 respondent's motion to dismiss, or after an answer to the petition
19 has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
20 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
21 2001).  However, a habeas corpus petition should not be dismissed
22 without leave to amend unless it appears that no tenable claim for
23 relief can be pleaded were such leave granted.  Jarvis v. Nelson,
24 440 F.2d 13, 14 (9th Cir. 1971).
25     Petitioner, an inmate of the Central California Women's
26 Facility (WCCF), alleges she is serving a sentence of twenty-five
27 years to life plus ten years imposed by the Superior Court of the
28 State of California, County of Fresno, pursuant to her conviction on

2

December 12, 2011, of second degree robbery with enhancements. Petitioner states she raising only one claim: whether the trial court abused its discretion in denying Petitioner's motion to strike a prior conviction pursuant to Cal. Pen. Code § 1385 and violated Apprendi v. New Jersey. (Pet., doc. 1, 4.) However, Petitioner raises the following additional claims: 2) whether the fact that the prior convictions used to enhance Petitioner's sentence were ineligible under state statutes and case law for such use (due to the age of the conviction or the absence of harm to a victim) violated Petitioner's rights under Apprendi v. New Jersey; 3) Petitioner should have received a grand theft conviction because a co-defendant received such a conviction, there were many discrepancies in witnesses' testimony, and the gender of a 911 call was questionable (it is unclear whether this conviction is the commitment offense or a prior conviction used to enhance the sentence for the commitment offense); 4) whether the trial court violated Petitioner's Sixth Amendment rights when it allowed a "Lesser include" for a co-defendant but not for Petitioner (id. at 4); and 5) whether a parole violation from 2007 may enhance a sentence as it did when Petitioner was sentenced on March 1, 2012. (Id. at 4-5.)

## II. Failure to Exhaust State Court Remedies

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A petitioner who is in state custody and wishes to challenge

collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). The highest state court is given a full and fair opportunity to hear a claim if the petitioner presents the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis). The petitioner must also inform the state court that he is raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the

4

>  state courts in order to give the State the
>  "'opportunity to pass upon and correct' alleged
>  violations of the prisoners' federal rights" (some
>  internal quotation marks omitted). If state courts are
>  to be given the opportunity to correct alleged violations
>  of prisoners' federal rights, they must surely be
>  alerted to the fact that the prisoners are asserting
>  claims under the United States Constitution. If a
>  habeas petitioner wishes to claim that an evidentiary
>  ruling at a state court trial denied him the due
>  process of law guaranteed by the Fourteenth Amendment,
>  he must say so, not only in federal court, but in state
>  court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>  Our rule is that a state prisoner has not "fairly
>  presented" (and thus exhausted) his federal claims
>  in state court unless he specifically indicated to
>  that court that those claims were based on federal law.
>  See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>  2000). Since the Supreme Court's decision in Duncan,
>  this court has held that the petitioner must make the
>  federal basis of the claim explicit either by citing
>  federal law or the decisions of federal courts, even
>  if the federal basis is "self-evident," Gatlin v. Madding,
>  189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>  Harless, 459 U.S. 4, 7... (1982), or the underlying
>  claim would be decided under state law on the same
>  considerations that would control resolution of the claim
>  on federal grounds, see, e.g., Hiivala v. Wood, 195
>  F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>  88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>  at 865.
>  ...
>  In Johnson, we explained that the petitioner must alert
>  the state court to the fact that the relevant claim is a
>  federal one without regard to how similar the state and
>  federal standards for reviewing the claim may be or how
>  obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended

5

by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. <u>Rasberry</u>, 448 F.3d at 1154.

Petitioner indicates that in the process of direct appeal, including filing a petition for review before the California Supreme Court, he presented to the California courts the issue of whether the trial court's denial of the motion to strike prior convictions was an abuse of discretion and violated <u>Apprendi</u>. (Pet. 2.) However, the materials appended to the petition containing the state appellate court's opinion and Petitioner's argument in a state appellate proceeding do not raise the issue of a violation of <u>Apprendi</u>; they address only an alleged abuse of discretion under state standards set by state statutes and state case law. (<u>Id.</u> at 24-30, 14-22.) Further, there is no mention of the additional claims noted above.

Petitioner does not document the proceedings in the state courts in which he exhausted his claims by presenting them to the California Supreme Court. Thus, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his numerous claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, this Court cannot proceed to the merits of those

6

claims.  28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner presented his claims to the California Supreme Court but simply neglected to inform this Court.

Therefore, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and, if possible, provide this Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, this Court is unable to proceed with the merits of the petition.

III.  <u>Order to Show Cause</u>

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court no later than thirty (30) days after the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 29, 2013**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE