UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDRA DAWSON,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN D. K. JOHNSON,<br><br>  Respondent. | Case No. 1:13-cv-01709-AWI-SKO-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST TO FILE AN ADDITIONAL DOCUMENT (DOC. 23)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 15)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on March 3, 2014, and was supported by documents lodged with the Court. Petitioner filed an opposition to the motion on March 27, 2014, and Respondent filed a timely reply on

1

April 14, 2014.

On May 24, 2014, Petitioner filed a motion for leave to submit an additional document. Although the time for filing opposition to the request for leave has passed, no opposition or notice of non-opposition has been filed. The Court notes that the document in question was already part of the record submitted by Respondent in support of the motion.

Accordingly, it is ORDERED that Petitioner's request to file an additional document, namely, a copy of an order from the California Supreme Court, is GRANTED.

I. <u>Proceeding by a Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies. <u>See</u>, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

///
///

Here, Respondent's motion to dismiss addresses Petitioner's failure to exhaust state court remedies. The material facts pertinent to the motion are contained in copies of the official records of state judicial proceedings provided by the parties and as to which there is no factual dispute. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

## II.  Background

Respondent moves to dismiss the petition filed on October 24, 2013, because of the five grounds for relief alleged by Petitioner. Grounds two through five were not exhausted, and the first ground was not exhausted insofar as it was based on federal law.

In the petition, Petitioner, an inmate of the Central California Women's Facility (CCWF), alleges she is serving a sentence of twenty-five years to life plus ten years imposed by the Superior Court of the State of California, County of Fresno (FCSC), pursuant to her conviction on December 12, 2011, of second degree robbery with enhancements. Petitioner raises the following claims: 1) whether the trial court abused its discretion in denying Petitioner's motion to strike a prior conviction pursuant to Cal. Pen. Code § 1385 and violated Apprendi v. New Jersey; 2) whether the fact that the prior convictions used to enhance Petitioner's sentence were ineligible under state statutes and case law for such use violated Petitioner's rights under Apprendi v. New Jersey; 3) whether Petitioner should have received a grand theft conviction because a co-defendant received such a conviction, there were many discrepancies in witnesses' testimony, and the gender of a 911 caller was questionable;  4) whether the trial court violated

Petitioner's Sixth Amendment rights when it allowed a "Lesser include" for a co-defendant but not for Petitioner; and 5) whether a parole violation from 2007 may enhance a sentence as it did in Petitioner's case when she was sentenced on March 1, 2012.

Before Respondent appeared in the action, Petitioner consented to the jurisdiction of the Magistrate Judge.[1] After petitioner responded to an order to show cause why Petitioner's state law claims should not be dismissed, the Court dismissed on January 3, 2014, Petitioner's first, second, and fifth claims without leave to amend to the extent they were based solely on state law.[2] However, the claims based on federal law that raised violations of rights protected by the Constitution remained in the petition before the Court. (Doc. 9, 5.)

The documentation submitted by Respondent in support of the motion to dismiss shows that Petitioner was sentenced on March 1, 2012, when the trial court struck three prior prison term enhancements and denied Petitioner's Romero motion which sought dismissal of one of her prior convictions or "strikes" pursuant to Cal. Pen. Code § 1385. (LD 4, 2.)[3]

Petitioner filed an appeal in the Court of Appeal of the State of California, Fifth Appellate District (CCA) in case number

---

[1] When Respondent later appeared, Respondent declined to consent.
[2] The first claim included not only a challenge pursuant to Apprendi but also to the trial court's discretionary denial of a motion to dismiss prior convictions for purposes of sentencing that was made pursuant to a state statute, Cal. Pen. Code § 1385. Petitioner's second claim alleged that Petitioner suffered a violation of rights protected by Apprendi based on the fact that under state law, the prior convictions were ineligible for use in sentencing. Petitioner's fifth claim that a parole violation could not be used to enhance his sentence appeared to be based on state law standards regarding matters eligible for use to enhance a sentence.

[3] "LD" refers to documents lodged in support of the motion to dismiss.

4

F064491. In her opening brief, Petitioner raised a single issue: whether the trial court abused its discretion under Cal. Pen. Code § 1385 when it declined to strike one of Petitioner's prior convictions. (LD 1 at i, 7-12.) Similarly, the issue as framed in Petitioner's reply brief before the CCA was whether the trial court had abused its discretion under § 1385 because it failed 1) to consider that two strike priors were committed during an aberrant period of time in the Petitioner's life, and 2) to give preponderant weight to Petitioner's background, character, and prospects. (LD 3 at i, 1-2.) The CCA's unpublished opinion affirming the judgment filed on July 30, 2013, addressed only the issue of whether the sentencing court had erred or abused its discretion in denying the Romero motion. (LD 4 at 2, 5-10.)

Petitioner filed a petition for review in the California Supreme Court, case number S212980, on August 30, 2013. She raised her claim that the denial of the Romero motion was an abuse of discretion. She also raised the following issues that had not been raised in her direct appeal: 1) whether the trial court's denial of the Romero motion violated Apprendi v. New Jersey; 2) whether Apprendi was violated by the sentencing court's enhancement of Petitioner's sentence with prior convictions that Petitioner claimed were ineligible under specified state statutes [because the prior was a parole violation, not within time limits, or did not involve injuries to a victim]; 3) whether Petitioner should have been convicted of grand theft or a more "srikable" offense, and whether two co-defendants in the same case could receive "different convictions/same elements/same incident," where there were discrepancies in witness and/or victim testimony as to Petitioner's

intent to harm anyone (LD 5 at form p. 3); and 4) whether Petitioner's Sixth Amendment right to a fair trial was violated by the giving of a "Lesser include" (id.) for a co-defendant but not for Petitioner.  (LD 5.)  On October 2, 2013, the petition was denied without a statement of reasoning or citation of authority. (LD 6.)

It is undisputed that Petitioner never filed a habeas petition in state court.

### III.   Exhaustion of State Court Remedies

#### A.   Legal Standards

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v.

Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing

7

>federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>...
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154. Although non-exhaustion of state court remedies is an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

    B.  Fair Presentation

Respondent argues that Petitioner did not exhaust state court remedies as to the issues raised by Petitioner for the first time in the petition for review filed in the CSC.  The premise of Respondent's argument is that the claims were not fairly presented to the state courts because pursuant to state procedural law, and the only cognizable issues in a petition for review filed in the California Supreme Court are issues that were raised in appellate proceedings before the state's intermediate appellate court, the California Court of Appeal.  Thus, the new issues were not properly presented to the state courts.

A petitioner generally satisfies the exhaustion requirement by fully and fairly presenting the substance of the same claim to the highest state court in a manner sufficient to give the state court a fair opportunity to consider the claim.  Picard v. Connor, 404 U.S. 270, 275-78 (1971); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009).  The substance of the claim is fairly presented where the pleading states the federal legal theory or basis of the claim and the facts entitling the Petitioner to relief.  See, Picard v. Connor, 404 U.S. at 277-78.

A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of § 2254 "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Thus, a petitioner fully and fairly presents a claim to the state courts if he presents the claim to the correct forum and in conformity with proper procedures.  See, Castille v. Peoples, 489 U.S. 346, 351 (1989) (claim first presented to the highest state court in a

petition for allocatur was not fairly presented where under state law review of the merits was not a matter of right, but would be granted in the court's sound discretion only in the presence of special and important reasons).  To exhaust a federal habeas claim, a petitioner on direct appeal must raise it in each appropriate state court, including the state intermediate court of appeal in addition to the state's highest court. Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Raising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient. Casey v. Moore, 386 F.3d 896, 916-18 (9th Cir. 2004).

Here, Petitioner did not raise the additional claims before the CCA; instead, Petitioner first presented the claims to the state's highest court on discretionary review.  Cal. Rules of Court, Rule 8.500(c)(1) provides limits on the California Supreme Court's review of appellate decisions by providing that "[a]s a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal."  Thus, the failure to raise the issues in the CCA rendered their inclusion in the petition for review insufficient to give the state court a fair opportunity to consider the claims.  Further, because the CSC summarily denied the petition for review, there is no indication that despite the procedural deficiency of the presentation, the state court determined to grant, or actually granted, review of the new claims.  The record thus warrants a conclusion that the additional claims were not fairly presented to the state court.

With respect to Petitioner's claim concerning the denial of the Romero motion, Petitioner challenged the trial court's ruling on

appeal.  However, the sole legal basis of the Romero claim was error under state law.  Petitioner argued that the state court's consideration and weighing of the circumstances constituted an abuse of discretion under state law.   Petitioner did not refer to either the Apprendi decision or any of the federal constitutional provisions involved in the Apprendi decision.  The legal theories of abuse of discretion under state law and denial of one's constitutional trial rights are vastly different.  Cf. Anderson v. Harless, 459 U.S. 4, 6-8 (1982) (arguing on direct appeal that an instruction was erroneous under state law did not fairly present a claim of a violation of due process based on the burden of proof and application of mandatory presumptions); Picard v. Connor, 404 U.S. at 277-78 (noting the crucial distinction between a claim of improper indictment in violation of the Fifth and Fourteenth Amendment right to indictment by a grand jury and a claim of a discriminatory indictment in violation of the Fourteenth Amendment's Equal Protection Clause).

   The Court concludes that Petitioner did not fairly present any federal claim concerning the sentencing court's denial of the motion to strike prior convictions.

   C.   State Law Claim

   Respondent argues separately that Petitioner's Apprendi claim concerning the denial of the Romero motion was not fairly presented because to the extent that any Romero claim was before the state courts, it was solely a state law claim.

   The Court has previously dismissed petitioner's state law claims.  As noted above, federal habeas relief is available to state prisoners only to correct violations of the United States

Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. —, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1180, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that the state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law. To the extent that any state law claim remains in the petition, it should be dismissed because an error of state law would not entitle Petitioner to relief in this proceeding. Brown v. Mayle, 283 F.3d 1019, 1039-40 (9th Cir. 2002) (vacated on other grounds by Mayle v. Brown, 538 U.S. 901 (2003)).

Petitioner has not justified her failure to exhaust state court remedies as to her claims. Review of the materials submitted in Petitioner's opposition do not support Petitioner's argument that she invoked Apprendi before the trial or intermediate state appellate courts.

In sum, the Court concludes that Petitioner failed to meet her burden to establish exhaustion of state court remedies of any cognizable claim that is properly before the Court. Accordingly, it will be recommended that the petition be dismissed without prejudice[4] for failure to exhaust state court remedies.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

---

[4] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred by the prohibition against filing second habeas petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after Petitioner exhausts available state remedies. See, In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as follows:

> [I]n the habeas corpus context is would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice.  Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

 Therefore, Petitioner is forewarned that in the event she returns to federal court and files a mixed petition of both exhausted and unexhausted claims, the petition may be dismissed with prejudice.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition for failure to exhaust state court remedies be GRANTED;

2) The petition for writ of habeas corpus be DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies;

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the case.

<u>Filing Objections to the Findings and Recommendations</u>:

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 7, 2014**                             **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE